## PHILLIPS v. CITY OF BARTLESVILLE.

No. 4778.   Opinion Filed May 11, 1915.

(148 Pac. 1016.)

**MUNICIPAL CORPORATIONS—Pavement Contractor's Bond—Implied Guaranty—Liability of Obligor.** A bond, taken as authorized by Session Laws 1907-08, p. 170 (section 725, Comp. L. 1909), for the maintenance in good condition of a pavement, to be constructed by the principal therein, for the period of five years from the time of its completion, implies an unconditional guaranty of the adequacy of the work and material, done and furnished according to the municipality's plans and specifications, to endure for such period without need of repairs; and the obligors in such bond are not relieved from liability by the fact that the principal therein, as contractor, fully complied with such plans and specifications in respect to both work and material, and that repairs within that period were necessitated by the inadequacy of such plans and specifications.

(Syllabus by Thacker, C.)

*Error from District Court, Washington County;*

*R. H. Hudson, Judge.*

Action by the City of Bartlesville, a municipal corporation, against Frank Phillips. Judgment for plaintiff, and defendant brings error. Affirmed.

*Rowland & Talbott,* (*James A. Veasey* and *Campbell & Goshorn,* of counsel), for plaintiff in error.

*Burdette Blue,* for defendant in error.

THACKER, C.   This is an action upon the bond mentioned in the case of R. S. Gilfillan and A. B. Gilfillan, Partners Doing Business under the Firm Name and Style of *R. S. Gilfillan & Son, Plaintiffs in Error, v. City of Bartlesville, a Municipal Corporation,* Defendant in Error (No. 3706) 148 Pac. 1012, reported in this volume.

The plaintiffs in error in that case are the principals in the

bond sued on here; and reference is here now made to that case for the facts essential to a decision in this, which must follow the decision in that.

The bond sued on and the judgment recovered in the instant case, however, is only for the sum of $2,000; and, of course, payment upon the judgment in the instant case would, *pro tanto*, entitle the debtors to a credit upon the judgment in that, while payment in that case, which reduces the judgment debt below the amount of the judgment here, would, *pro tanto*, entitle the debtors to a credit upon the judgment here. ·

For the reasons stated in that case, the judgment of the trial court in the instant case should be affirmed.

By the Court: It is so ordered.